UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-cr-20188-RAR

UNITED STATES OF AMERICA,

       **Plaintiff,**

vs.

**GERARDO FLOREZ BUESAQUILLO,**

       **Defendant.**

_____/

**SENTENCING MEMORANDUM and
MOTION FOR DOWNWARD VARIANCE**

The Defendant, GERARDO FLOREZ BUESAQUILLO by and through his undersigned counsel and hereby files this Sentencing Memorandum and Motion for Variance under 18 U.S.C. Section 3553 (a).

## INTRODUCTION:

This Court should vary downward to impose a sentence below the guideline range based on the Defendant's limited role in the offense, his zero point criminal record and the need to avoid unwarranted sentencing disparities.

## A. PERSONAL HISTORY and BACKGROUND:

The Defendant Florez Buesaquillo is a 45-year-old male born in Cali, Colombia. He entered the United States as a permanent legal resident under A# 219049595 on September 23, 2019 (See PSR p. 43 par. 116). He is a barber by

trade and has a child who lives in Colombia with his maternal grandmother given that his mother died in a vehicular accident when the child was 5 years old. The Defendant is one of three siblings all who reside in Colombia and are supportive of him. Letters submitted by his family members and longtime friend, demonstrate that the Defendant is known as a responsible and loving individual. It is clear that his participation in this crime is out of character for him.   The Defendant reported during his PSR interview that his father died when he was 15 years old and that he grew up poor.  He reported that his family sometimes did not have enough food to eat and that his childhood was difficult. Despite these shortcomings the Defendant maintains good relations with his family members and has avoided any major criminal offenses.

The record in this case reflects that the Defendant failed to comply with his conditions of release and failed to report on December 2024. He was later re-arrested on February 12, 2025.  The Defendant offers no excuse for his actions and recognizes that it is a factor in his guideline calculations.  That said the Defendant since his arrest has had no disciplinary referrals while incarcerated and has accepted responsibility by pleading guilty to Count Six of the Indictment.

### B. GUIDELINE CALCULATIONS.

The Guideline Calculations in the PSR are correct.

### C. MOTION FOR DOWNWARD VARIANCE.

The 18 U.S.C. 3553 (a) should also be considered when determining an appropriate sentence. In *United States v. Booker,* 125 S.Ct. 738 (2005) the Supreme Court modified the guidelines to effectively be advisory. It requires the sentencing courts to consider the guideline ranges, but permits the courts to tailor the sentence in light of other statutory factors. 18 U.S.C.3553 (a) now governs federal sentencing. It requires courts to "impose a sentence sufficient but not greater than necessary, to comply with the purposes set forth in paragraph 2."

### I. Nature and Circumstances of the Offense.

This case charges a serious offense of money laundering. However, as the PSR notes, the Defendant played a limited role in the offense. His participation in the offense which consisted primarily of opening bank accounts on behalf of coconspirators, was for a relatively short period time. These accounts were opened in March 2024 and the Defendant was arrested in September 5, 2024. Accordingly, the PSR as well as the parties have recommend a two level minor role adjustment.

### II. History and Characteristics of the Defendant.

While the Defendant has not lived a perfect life, and recognizes his mistakes he has lived a relatively crime free life. This case does not involve any violence and the Defendant has no history of weapons or violent behaviors. He was

working as a barber when he was arrested and he has a loving and supportive family as the letters of recommendation attest. This Court may consider his entire life history as a basis to vary downward.

### III. Unwarranted Sentencing Disparities.

18 U.S.C. 3553, also requires the Court to avoid unwarranted sentencing disparities among defendants similarly situated. The PSR guidelines place the Defendant with enhancements for money laundering and obstruction and adjustments at a net offense level of 24 (51-63 months). The PSR fails to give the Defendant any downward adjustment for having pled guilty in a timely manner based on the two level enhancement for obstruction related to the Defendant having fled the jurisdiction. The Defendant did not object to this calculation.

However, the Court may consider his timely plea in fashioning a reasonable sentence that is sufficient but not greater than necessary. In that light, the Defense submits that the Court should grant the Defendant some limited variance for having accepted responsibility for his offense.

In addition, the Defense submits that the Defendant's role in the offense and history is most similar to co-defendant Kimberly Ruiz who was given an 18 month sentence for her plea of guilty to Count Six of the Indictment. The loss amount determined to have been deposited in Ms. Ruiz corporate bank account was approximately $1,762,968. Her husband, co-defendant Carlos Velez deposited an

additional $227,085 in his bank account. The percentages of their commissions are identical to the instant Defendant. Therefore, when comparing loss and roles a range of 18-24 months is necessary to prevent an unjust sentencing disparity between these two relatively similarly situated Defendants.

          Respectfully submitted,

By:   */s/ ARTURO V. HERNANDEZ*
       ARTURO V. HERNANDEZ, P.A.
       GABLES INTERNATIONAL PLAZA
       2655 Lejeune Rd, Suite #524
       Coral Gables, FL 33134
       Tel: (305) 579-4850
       Email: avhlawpa@gmail.com
       FL Bar No.: 324078

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of July, 2025, I electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties.

          Respectfully submitted,

By:   */s/ Arturo V. Hernandez*
       ARTURO V. HERNANDEZ, ESQ.