UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CR-20188-RAR

UNITED STATES OF AMERICA

v.

GERARDO FLOREZ BUESAQUILLO,

Defendant.

## PRELIMINARY ORDER OF FORFEITURE

THIS MATTER comes before the Court upon the United States of America's Unopposed Motion for Preliminary Order of Forfeiture ("Motion"), [ECF No. 249], against Defendant Gerardo Florez Buesaquillo. The Court has considered the Motion, is otherwise advised in the premises, and finds as follows:

On August 27, 2024, a federal grand jury returned a Second Superseding Indictment charging the Defendant in Count 6 with conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h), among other counts. Second Superseding Indictment, [ECF No. 46]. The Second Superseding Indictment also contained forfeiture allegations, which alleged that upon conviction of a violation of 18 U.S.C. § 1956(h), the Defendant shall forfeit any property, real or personal, involved in such offense, and any property traceable to such property, pursuant to 18 U.S.C. § 982(a)(1). *See id.* at 6.

On May 13, 2025, the Court accepted the Defendant's guilty plea to Count 6 of the Second Superseding Indictment. *See* Minute Entry, [ECF No. 202]; Plea Agreement, [ECF No. 203]. As part of the guilty plea, the Defendant agreed to the forfeiture of proceeds obtained, directly or indirectly, as a result of the violation and any property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of the violation. [ECF No. 203] at 4.

In support of the guilty plea, the Defendant executed a Factual Proffer, and the Court found that there was a factual basis to support the Defendant's conviction. *See* Factual Proffer, [ECF No. 204]. The Factual Proffer also provided a basis for the forfeiture of property. *See id.*

As set forth in the Factual Proffer, [ECF No. 204], from at least June 2023 through his arrest in September 2024, the Defendant joined others in a conspiracy to conduct financial transactions, affecting interstate and foreign commerce, with the proceeds of unlawful activity. *Id.* at 1. These transactions were done with the intent to conceal and disguise the nature, location, source, ownership, and control of the proceeds and to avoid the transaction reporting requirements under state and federal law. *Id.* Specifically in the conspiracy, people in the United States were recruited to create fictitious businesses and open up corresponding bank accounts at different banks. *Id.* The account information was sent to coconspirators in Colombia so they could access the accounts online. *Id.* Since the individuals opening these accounts would receive a percentage of all the money deposited into the accounts, they often directed the banks to notify them whenever deposits were made into the accounts. *Id.*

The Defendant, who is a barber, owned a fictitious business called Florez Comp Parts, which opened accounts in various banks. *Id.* at 3. These accounts were opened in or about March 2024. *Id.* From that date until his initial arrest, over 452 deposits totaling $2,132,989 were deposited into the accounts of Florez Comp Parts. *Id.* Correspondingly, 62 wire transfers were sent from these accounts. *Id.* The Defendant was paid a 1% commission on the funds laundered through his accounts, in the amount of $21,479.

Based on the record in this case, the total value of the proceeds traceable to Count 6 is $21,479, which sum may be sought as a forfeiture money judgment pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

Accordingly, based on the foregoing, the evidence in the record, and for good cause shown, the Motion is **GRANTED**, and it is hereby **ORDERED AND ADJUDGED** as follows:

1. Pursuant to 18 U.S.C. § 982(a)(1), 21 U.S.C. § 853, and Rule 32.2 of the Federal Rules of Criminal Procedure, a forfeiture money judgment in the amount of $21,479 is hereby entered against the Defendant.

2. The United States is authorized to conduct any discovery that might be necessary to identify, locate, or dispose of forfeited property, and to resolve any third-party petition, pursuant to Rule 32.2(b)(3), (c)(1)(B) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m).

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order is final as to the Defendant.

4. The Court shall retain jurisdiction in this matter for the purpose of enforcing this Order, and pursuant to Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure, shall amend this Order, or enter other orders as necessary, to forfeit additional specific property when identified.

**DONE AND ORDERED** in Miami, Florida, this 18th day of July 2025.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**