# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
| v. | |
| | Case Number: **1:24-CR-20188-RAR(8)(s)(s)** |
| GERARDO FLOREZ BUESAQUILLO | USM Number: **13862-506** |
| | Counsel for Defendant: **Arturo V. Hernandez** |
| | Counsel for United States: **Katherine Guthrie** |

**THE DEFENDANT:**

| ☒ pleaded guilty to count(s) | **6 of the Second Superseding Indictment** |
|---|---|

The Defendant is adjudicated guilty of this offense:

| **Title & Section / Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|
| 18 U.S.C. § 1956(h) / Conspiracy to launder monetary instruments | June 2023 | 6ss |

The Defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the Defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the Defendant must notify the court and United States Attorney of material changes in economic circumstances.

**July 31, 2025**
Date of Imposition of Judgment

*[Signature]*
Signature of Judge

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**
Name and Title of Judge

**July 31, 2025**
Date

DEFENDANT: GERARDO FLOREZ BUESAQUILLO
CASE NUMBER: 1:24-CR-20188-RAR(8)

## IMPRISONMENT

The Defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **39 months**. **This term consists of 39 months as to Count 6 of the Second Superseding Indictment**.

☒ The court makes the following recommendations to the Bureau of Prisons:
- Designation in or as near to the Southern District of Florida.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

_____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: GERARDO FLOREZ BUESAQUILLO
CASE NUMBER: 1:24-CR-20188-RAR(8)

## SUPERVISED RELEASE

Upon release from imprisonment, the Defendant shall be on supervised release for a term of **three (3) years.** This term consists of three (3) years as to Count 6 of the Second Superseding Indictment.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (*check if applicable*)
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (*check if applicable*)
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*)
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)
7. ☐ You must participate in an approved program for domestic violence. (*check if applicable*)

You must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

DEFENDANT:         GERARDO FLOREZ BUESAQUILLO
CASE NUMBER:       1:24-CR-20188-RAR(8)

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. I understand additional information regarding these conditions is available at www.flsp.uscourts.gov.

Defendant's Signature _____        Date _____

DEFENDANT:           GERARDO FLOREZ BUESAQUILLO
CASE NUMBER:         1:24-CR-20188-RAR(8)

# SPECIAL CONDITIONS OF SUPERVISION

**Association Restriction:** The Defendant is prohibited from associating with Diovany Gutierrez, Gabriel Antonio Martinez, Paola Andrea Sanchez Moreno, Kimberly Ruiz, Jose D. Sanchez Moreno, Andrew Shawn Fermin, and Laura Ortiz Rojas while on supervised release.

**Permissible Search:** The Defendant shall submit to a search of his/her person or property conducted in a reasonable manner and at a reasonable time by the U.S. Probation Officer.

**Self-Employment Restriction:** The Defendant shall obtain prior written approval from the Court before entering into any self-employment.

**Unpaid Restitution, Fines, or Special Assessments:** If the Defendant has any unpaid amount of restitution, fines, or special assessments, the Defendant shall notify the probation officer of any material change in the Defendant's economic circumstances that might affect the Defendant's ability to pay.

**Cooperating with Immigration during Removal Proceedings:** The defendant shall cooperate in any removal proceedings initiated or pending by the U.S. Immigration and Customs Enforcement consistent with the Immigration and Nationality Act. If removed, the defendant shall not reenter the United States without the prior written permission of the Undersecretary for Border and Transportation Security. The term of supervised release shall be non-reporting while the defendant is residing outside the United States. If the defendant reenters the United States within the term of probation, the defendant is to report to the nearest U.S. Probation Office within 72 hours of the defendant's arrival.

**Substance Abuse Treatment:** The defendant shall participate in an approved treatment program for drug and/or alcohol abuse and abide by all supplemental conditions of treatment. Participation may include inpatient/outpatient treatment. The defendant will contribute to the costs of services rendered (co-payment) based on ability to pay or availability of third party payment.

**Surrendering to Immigration for Removal After Imprisonment:** At the completion of the defendant's term of imprisonment, the defendant shall be surrendered to the custody of the U.S. Immigration and Customs Enforcement for removal proceedings consistent with the Immigration and Nationality Act. If removed, the defendant shall not reenter the United States without the prior written permission of the Undersecretary for Border and Transportation Security. The term of supervised release shall be non-reporting while the defendant is residing outside the United States. If the defendant reenters the United States within the term of supervised release, the defendant is to report to the nearest U.S. Probation Office within 72 hours of the defendant's arrival.

DEFENDANT: GERARDO FLOREZ BUESAQUILLO
CASE NUMBER: 1:24-CR-20188-RAR(8)

## CRIMINAL MONETARY PENALTIES

The Defendant must pay the total criminal monetary penalties under the schedule of payments page.

|            | **Assessment** | **Restitution** | **Fine** | **AVAA Assessment*** | **JVTA Assessment**** |
|------------|---------------|-----------------|----------|----------------------|------------------------|
| **TOTALS** | $100.00       | $.00            | $.00     |                      |                        |

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, 18 U.S.C. §2259.
\*\* Justice for Victims of Trafficking Act of 2015, 18 U.S.C. §3014.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: GERARDO FLOREZ BUESAQUILLO
CASE NUMBER: 1:24-CR-20188-RAR(8)

# SCHEDULE OF PAYMENTS

Having assessed the Defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**  ☒  Lump sum payments of $100.00 due immediately.

It is ordered that the Defendant shall pay to the United States a special assessment of **$100.00** for Count 6 of the Second Superseding Indictment, which shall be due immediately. Said special assessment shall be paid to the Clerk, U.S. District Court. Payment is to be addressed to:

> **U.S. CLERK'S OFFICE**
> **ATTN: FINANCIAL SECTION**
> **400 NORTH MIAMI AVENUE, ROOM 8N09**
> **MIAMI, FLORIDA 33128-7716**

The assessment/fine/restitution is payable immediately. The U.S. Bureau of Prisons, U.S. Probation Office and the U.S. Attorney's Office are responsible for the enforcement of this order.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The Defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒  The Defendant shall forfeit the Defendant's interest in the following property to the United States:
**The Defendant's right, title, and interest to the property identified in the preliminary order of forfeiture dated July 21, 2025, [ECF No. 250], which has been entered by the Court and is incorporated by reference herein, is hereby forfeited.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.